JUDGE NATHAN     OFFICE COPY

12 CV 4423


RECEIVED JUN 05 2012 U.S.D.C. S.D.N.Y. CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BANK LEUMI USA,

              Plaintiff,

– against –

DAVID EHRLICH, ANGELA TYKOCKI,
ENRIQUE EHRLICH, and
SARA GOLDSTEIN,

              Defendants.

Civil Action No.:

**ECF Case**

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff Bank Leumi USA complains of Defendants David Ehrlich, Angela Tykocki, Enrique Ehrlich, and Sara Goldstein as follows:

### SUMMARY OF THE ACTION

1. This is a declaratory judgment action arising from a dispute regarding David Ehrlich's, Angela Tykocki's, Enrique Ehrlich's, and Sara Goldstein's (collectively "Defendants") alleged losses in bonds issued by Kaupthing Bank, a bank organized under the laws of Iceland.

2. David and Enrique Ehrlich, both sophisticated investors and businessmen, opened accounts with their respective spouses Angela Tykocki and Sara Goldstein at Bank Leumi USA ("BLUSA").

3. Pursuant to the Agreement that governs the parties' relationship (defined below), BLUSA executed Defendants' instructions in purchasing and selling various securities for their accounts and served as custodian of Defendants' securities.

4. BLUSA did not act as Defendants' investment adviser.

5. Consistent with the risk profile of other investments, Defendants purchased a total of $750,000.00 face value (at a cost of approximately $700,760.43) of bonds issued by Kaupthing Bank for their BLUSA accounts (the "Bonds").

6. After Iceland's financial sector collapsed and Icelandic government authorities took control of Kaupthing Bank, then the largest bank in Iceland, the Bonds declined substantially in value, and Defendants threatened to sue BLUSA and demanded that it reimburse them for the total purchase price of the Bonds plus interest.

7. BLUSA brings this action to obtain a declaration that it did not breach the Agreement and has no tort liability for Defendants' alleged investment losses in the Bonds.

## PARTIES

8. Plaintiff BLUSA is a banking organization organized under the laws of the State of New York and has its principal place of business in the City, County, and State of New York.

9. Upon information and belief, Defendant David Ehrlich is a citizen of the Republic of Uruguay.

10. Upon information and belief, Defendant Angela Tykocki is a citizen of the Republic of Uruguay.

11. Upon information and belief, Defendant Enrique Ehrlich is a citizen of the Republic of Uruguay.

12. Upon information and belief, Defendant Sara Goldstein is a citizen of the Republic of Uruguay.

## JURISDICTION AND VENUE

13. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 2201 because (i) there is an actual controversy between the parties, (ii) the amount in

controversy exceeds $75,000.00, exclusive of interest and costs, and (iii) the matter is between a citizen of the State of New York and citizens of a foreign state.

14. This Court has personal jurisdiction over David Ehrlich because (i) he consented to such jurisdiction under the agreement that governs his account with BLUSA, (ii) BLUSA's performance under the agreement with him occurred in New York and not in Uruguay, and (iii) BLUSA is a citizen of the State of New York.

15. This Court has personal jurisdiction over Angela Tykocki because (i) she consented to such jurisdiction under the agreement that governs her account with BLUSA, (ii) BLUSA's performance under the agreement with her occurred in New York and not in Uruguay, and (iii) BLUSA is a citizen of the State of New York.

16. This Court has personal jurisdiction over Enrique Ehrlich because (i) he consented to such jurisdiction under the agreement that governs his account with BLUSA, (ii) BLUSA's performance under the agreement with him occurred in New York and not in Uruguay, and (iii) BLUSA is a citizen of the State of New York.

17. This Court has personal jurisdiction over Sara Goldstein because (i) she consented to such jurisdiction under the agreement that governs her account with BLUSA, (ii) BLUSA's performance under the agreement with her occurred in New York and not in Uruguay, and (iii) BLUSA is a citizen of the State of New York.

18. Venue is proper in this jurisdiction because, under the Agreement that governs their accounts with BLUSA, Defendants agreed to the laying of venue in this Court and consented to this Court exercising personal jurisdiction over them.

## DEFENDANTS OPEN ACCOUNTS WITH BLUSA

19. On or about September 17, 2002, David Ehrlich and his wife Angela Tykocki opened an account with BLUSA.

20. As part of this process, David Ehrlich and Angela Tykocki completed and signed an international account application agreement ("Account Application 1").

21. On or about September 17, 2002, Enrique Ehrlich and his wife Sara Goldstein opened an account with BLUSA.

22. As part of this process, Enrique Ehrlich and Sara Goldstein completed and signed an international account application agreement ("Account Application 2") (Account Application 1 and Account Application 2 together, the "Account Applications").

23. As part of their Account Applications, Defendants each acknowledged "receiving a copy of, and agreeing to, the International Account Terms." (Account Applications at 6.)

24. The International Account Terms and the other account opening documents, including the Account Applications, constitute the agreement ("Agreement") between BLUSA and Defendants with respect to Defendants' BLUSA accounts.

25. After signature by Defendants, the Account Applications, which include Defendants agreement to the International Account Terms, were sent to BLUSA in New York.

26. Based on the statements and agreements contained in the Account Applications, BLUSA opened accounts for Defendants in New York.

27. BLUSA's affiliates, including Leumi (Latin America) S.A., do not have authority to open accounts at BLUSA in the name of BLUSA customers.

28. BLUSA does not have any employees in Uruguay.

29. The Agreement is governed by New York law and the parties agreed to the following broad provision regarding jurisdiction, venue, and service of process in the event of a dispute:

> **Governing Law; Jurisdiction; Service of Process – THIS AGREEMENT WILL BE GOVERNED AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK AND THE UNITED STATES OF AMERICA.** Any legal proceeding arising from or in any way related to this Agreement may be brought in, and you hereby consent to personal jurisdiction and venue of, any state or federal court located in New York County, New York, U.S.A. You hereby consent to the service of process in any such action, by mailing a copy of such process to you at your last known address shown on our records.

(International Account Terms at 8 (emphasis and caps in original).)

30. Under the Agreement, BLUSA agreed to follow Defendants' instructions regarding the purchase and sale of investment assets for the benefit of their accounts and hold such investments in custody.

31. Defendants acknowledged that BLUSA would not provide investment advice relating to the purchase or sale of those financial assets.

32. Instead, Defendants agreed that the decision to acquire, hold, and dispose of their investments would be made by the Defendants themselves and only after considering the relevant benefits and risks of those transactions.

33. The Agreement also provided for a limitation on BLUSA's liability with respect to Defendants' accounts.

34. Specifically, Defendants agreed that BLUSA would not be responsible for any depreciation or loss in value of the investment assets in their accounts, except for any actual damages caused solely by BLUSA's fraudulent acts or willful misconduct.

35. Over the course of their investment history, Defendants purchased at least 20 types of securities, including sovereign and bank paper, and investments in the oil, energy, and automotive industries. The issuers of these securities were located in various countries, including China, Brazil, and Ukraine.

36. Beginning in 2006, Defendants increased their risk exposure.

37. Upon information and belief, Enrique Ehrlich sought a rate of return between 6% and 7%.

38. As one example, Enrique Ehrlich purchased paper issued by a Ukrainian gas company that yielded up to 9.5%.

39. Defendants' custody security positions show a diversified portfolio, with many investment products rated BBB+, BBB, and BB.

## DEFENDANTS PURCHASE THE BONDS

40. On or about February 21, 2008, Defendants purchased a total of $750,000.00 face value (at a cost of approximately $700,760.43) of the Bonds.

41. The signed order forms, which identify BLUSA in the header, contained the following disclaimer:

> I CONFIRM REQUESTING THE BANK TO EXECUTE ON MY BEHALF AT MY SOLE RISK WITHOUT ANY RESPONSIBILITY ON THE BANK'S PART, THE FOLLOWING TRANSACTION FOR THE FINANCIAL ASSETS SELECTED BY ME AND WITHOUT THE BANK ADVISING ME IN THIS MATTER. THE FINANCIAL ASSETS ARE (1) NOT A DEPOSIT OR OTHER OBLIGATION OF OR GUARANTEED BY THE BANK AND (2) SUBJECT TO INVESTMENT RISKS, INCLUDING POSSIBLE LOSS OF THE PRINCIPAL AMOUNT INVESTED.

42. Defendants' instructions on the signed order forms were sent to BLUSA in New York.

43.  BLUSA executed Defendants' order to purchase the Bonds in New York.

44.  Upon information and belief, Defendants invested in the Bonds because, among other reasons, they were rated A+ at that time, would mature in the short-term (*i.e.*, in 2011), and were trading below par, at 88.5%.

45.  With this A+ rating, the Bonds were rated higher than other securities that Defendants held in their accounts at that time.

46.  Thus, at the time of their purchase, the Bonds were consistent with Defendants' investment profile and risk tolerance.

47.  Due to the collapse of the Icelandic financial sector, however, government authorities in Iceland took over Kaupthing Bank in October of 2008, resulting in the Bonds suffering a significant loss in value.

48.  Defendants were aware of the benefits and risks associated with investing in the Bonds.

## THE PARTIES' DISPUTE

49.  Thereafter, Defendants through Uruguayan counsel sent BLUSA a demand letter and threatened suit.

50.  In the letter, Defendants alleged that BLUSA provided investment advice to Defendants and, in particular, recommended the Bonds without providing Defendants full information regarding that investment.

51.  Defendants maintained that, had BLUSA informed them of the risks entailed in investing in the Bonds, they would not have made the investment.

52.  Defendants also alleged that, once they held the Bonds, BLUSA failed to alert them to the increased risk posed in the holding of Kaupthing Bank.

53. Defendants further alleged that the limitations of liability in the Agreement are void and of no effect.

54. Defendants demanded that BLUSA reimburse the total price of their investment in the Bonds plus interest or face legal action.

## COUNT I
## (FOR DECLARATORY JUDGMENT)

55. BLUSA incorporates by reference paragraphs 1 through 54, above, as though fully set forth herein.

56. An actual controversy exists between the parties concerning: (i) whether the Agreement, including the express limitation on BLUSA's liability with respect to Defendants' accounts, is valid and enforceable; (ii) whether BLUSA acted in accordance with the terms of the Agreement and applicable agency law in relation to Defendants' purchase of the Bonds and BLUSA's subsequent holding in custody of such investments; and (iii) whether BLUSA has any obligation to refund the amounts paid by Defendants to purchase the Bonds.

57. Defendants allege that BLUSA made negligent misrepresentations and breached certain duties owed to them in connection with the purchase of the Bonds.

58. Defendants also contend that BLUSA is required to reimburse Defendants the amount (with interest) that Defendants paid to purchase the Bonds.

59. Defendants further argue that BLUSA's limitations of liability in the Agreement are void and of no effect.

60. BLUSA contends that the Agreement is valid and enforceable and that it has fulfilled its obligations under the Agreement.

61. At all relevant times, BLUSA acted with due care in its execution of Defendants' order to purchase the Bonds and in its custody thereof.

62. In accordance with the terms of the Agreement, BLUSA did not act an investment adviser with respect to Defendants' accounts and, in particular, with respect to Defendants' purchase of the Bonds.

63. Additionally, the Agreement expressly limits BLUSA's liability with respect to Defendants' accounts.

64. Thus, BLUSA is entitled to a declaration that: (i) the Agreement, including the express limitation on BLUSA's liability with respect to Defendants' accounts, is valid and enforceable; (ii) BLUSA is not liable under the Agreement or in tort for Defendants' investment losses in connection with the Bonds; and (iii) BLUSA has no obligation to refund the amounts paid by Defendants to purchase the Bonds.

## RELIEF REQUESTED

WHEREFORE, Plaintiff BLUSA prays that this Court enter judgment in its favor and against Defendants as follows:

On Count I of the Complaint:

    a. A determination that (i) the Agreement, including the express limitation on BLUSA's liability with respect to Defendants' accounts, is valid and enforceable; (ii) BLUSA is not liable under the Agreement or in tort for Defendants' investment losses in connection with the Bonds; and (iii) BLUSA has no obligation to refund the amounts paid by Defendants to purchase the Bonds; and

    b. an order requiring Defendants to pay all reasonable out-of-pocket expenses, including legal fees, incurred by BLUSA in the enforcement and protection of its rights under the Agreement; and

    c. an order granting BLUSA such other and further relief as the Court deems just and appropriate.

Dated:   New York, New York
         June 5, 2012

                            MAYER BROWN LLP

                        By: *James Ancone* (signature)
                            Mark Hanchet
                            James Ancone
                            1675 Broadway
                            New York, New York 10019
                            (212) 506-2500 (telephone)
                            (212) 262-1910 (facsimile)

                            *Attorneys for plaintiff Bank Leumi USA*