# EXHIBIT Q

DECLARATION BY DAVID EHRLICH, ENRIQUE EHRLICH AND THEIR RESPECTIVE SPOUSES ANGELA TYKOCKI AND SARA GOLDSTEIN DEFENDANTS IN THE CASE 1:12-cv-04423-AJN BROUGHT BY BANK LEUMI USA BEFORE THE HONORABLE JUDGE ALISON J. NATHAN, UNITED STATES DISTRICT COURT.

### Preliminary Statement

We, the undersigned, are submitting this declaration for the purpose of advising the Court that, regrettably, against our wishes and possibly endangering our best long-term interests, we shall no longer able to appear in these proceedings duly assisted by local counsel. We feel the need to explain to the Court the reasons for this decision.

### General Considerations

As arises from the record, the four of us are Uruguayan citizens, residing in Montevideo, Uruguay. We do not travel abroad frequently. Enrique and Sara Goldstein have rarely traveled to the United States and to the city of New York. When we have traveled to New York in the last few years, it was to spend some time with our son, Daniel, who, until recently, was studying at New York University and currently is working at his first job in Manhattan. David Ehrlich and Angela Tylocki have never been in New York. None of us speak, understand or read English fluently. In fact, we are preparing this Declaration with the assistance of our Uruguayan lawyer, Mr. Elías Bluth, who is fluent in English.

We have never conducted business in the city of New York and have no permanent contacts, links or relations there at all, whether business, family (except the temporary presence of Daniel Ehrlich) or social. For all practical purposes we are total tourists in Manhattan. It never occurred to us that we would be in the predicament of being defendants in a judicial proceeding in New York.

As we have previously insisted during the preliminary motion to dismiss, we are not aware of ever having consented to being brought before a court in New York as a result of the opening our account with Bank Leumi USA in 2002. Moreover, in the course of these proceedings, we attempted to demonstrate before this court by way of documentary evidence that was never challenged by the plaintiff (rather, it was relied on by them as well) that the banking relationship with the plaintiff was initiated, processed, and completed in Montevideo, Uruguay at the offices of Leumi Latin America and that we never visited the plaintiff's premises or had any direct personal contact with the plaintiff other than through Leumi Latin America personnel in Montevideo.

Unfortunately, we were not able to persuade this Court that Uruguay is the proper jurisdiction, that Uruguayan courts offer and guarantee appropriate venue and that Uruguayan law applies to the controversy at hand.

1

We respect and shall not contest the Court's decision to deny our motion to dismiss. Without reservations of any kind we are convinced that the Court applied the law as the Court understood it to be. We shall not appeal the Court's decision as we have been advised against it. Having been denied the motion to dismiss that we filed on grounds of lack of jurisdiction and *forum non conveniens*, we have also been advised that we should continue participating in the proceedings and defend the case on the merits before this Court, if we can possibly do so.

## Impossibility of Access to Alternative Counsel and Other Reasons That Make It Impossible to Litigate in New York

During this last month we have attempted to retain alternative counsel. Our attempts have proven that we simply cannot afford the unavoidable costs and fees. The amount of our claim does not justify spending an amount for costs and fees that would be close to one half of our claim against the plaintiff or probably more, not to speak of all the other reasons that make it impossible for us to conduct a court proceeding in New York.

As stated, we are not fluent in English. We have had to rely exclusively on our local counsel in Uruguay to explain to us what was occurring in the U.S. court. The undersigned, David Ehrlich, is sixty five and not in good health. About a year ago, I was hospitalized for over a week and spent seven days in intensive care due to a serious heart condition. I am in no physical or emotional state to go through a court proceeding in a foreign country, not to mention the costs involved and the fact that I would have to be away from Uruguay for relatively extended periods. I feel that I would not have the resilience to recover from taking the stand as a witness on my own behalf.

The undersigned, Enrique Ehrlich, is also not in good health. I am sixty three and suffer from a chronic gastrointestinal and lung condition. There is no way that either I (due to health problems) or my spouse (in view of her professional duties) could leave Uruguay for any extended period of time to follow closely a court proceeding in New York and be present there when required.

It may be hard for the court to believe, in view Leumi's efforts to portray us as sophisticated and wealthy businessmen (which is how we were described in their pleadings in Uruguay), that we are actually a middle-class family who relied on Leumi Latin America and Bank Leumi USA to assist us in investing family savings to safeguard our future and, to the extent possible, make life somewhat easier for our children. Both Enrique and David Ehrlich still work full-time at the family store inherited from our parents, importing and selling accessories (buttons, zippers, ribbons, thread, needles, etc.) for a dwindling local garment industry in a country with a **total** population of 3.4 million, flooded with imports of finished goods from China and third

2

world countries. At least one of us (generally both) must spend the full business hours in our store. We never leave it without one of us or a close family member present. We attach photographs of the undersigned, David and Enrique Ehrlich, taken this week in our store, still located in what used to be the predominant Jewish neighborhood of Montevideo until about sixty years ago. By just looking at the photographs you will appreciate that our business cannot afford professional management.

We have engaged in efforts to give our sons and daughters a solid education. The undersigned, David Ehrlich, has a daughter, a chemical engineer, and a son, an architect, both young independent private practitioners attempting to make a living on their own. Angela Tylocki is a housewife.

The undersigned, Enrique Ehrlich, while having a degree of Public Accountant, only practiced accounting part-time and for a limited period and is still dedicated practically full-time to co-managing the family store. My spouse, Sara Goldstein, is a medical doctor, specializing in psychiatry and psychoanalysis, and is regularly engaged in research and academic activities. Our daughter is a young psychoanalyst, starting off with a small local practice of her own, and our previously mentioned son, Daniel, recently graduated with an MBA from New York University is working as an employee in Manhattan. Our visits to spend some time with our son have been our only connection with New York. My English is slightly better than my brother's but is insufficient to conduct any dialogue on substantive matters in which nuance is key. I do not feel qualified to follow a complex court case in New York as a defendant.

### Conclusions

The undersigned have described our present situation to the Court, perhaps in excessive detail, to demonstrate to the Court that we simply cannot afford to be party to what may be a stressful and prolonged court proceeding in New York. As mentioned above, it is not only a question of cost which we cannot afford; it is also a matter of not being able, in practical terms, to fully make our case in a foreign country; it is a matter of language, of health, of emotional fitness, of domestic harmony. Our spouses have never been involved in our business and investment decisions, and they simply cannot conceive that they are defendants of a court proceeding in New York merely because they signed a form opening an account with Bank Leumi USA ten years ago and that they may have to either take the stand as witnesses on their own behalf or participate in any other way as ordered by the court.

We have our hands full with the proceedings we initiated in Uruguay against Bank Leumi USA and Leumi Latin America. We are battling against institutions with unlimited resources that are in a position to pursue this matter endlessly. Money and time are of no concern to them. Bank Leumi USA has retained the services of Ferrere, one of the most reputable law firms in Uruguay. It is obvious from the briefs

3

submitted by both defendants in the case we brought in Uruguay that they are acting in consort. This was to be expected and came as no surprise. We trust that the court will understand that we simply cannot engage these two fronts simultaneously, even if we could afford litigating in the United States, which is definitely not the case. To engage in a two-pronged effort is impossible and we cannot allow ourselves to resign from what we believe is our basic right to litigate in Uruguay.

In view of all the above, we beg the Court to include this Declaration in the record and to take notice of our reasons not to appear in Court hereafter and consider them devoid of civil contempt. We have made our decision reluctantly and with deep misgivings but we have no choice. We are aware that the Court shall act as required by law and may continue the proceedings in default.

It is our hope and expectation that the Court will understand that we are acting in good faith under circumstances of "force majeure" that we simply are not in position to overcome.

David Ehrlich          Angela Tylocki          Enrique Ehrlich          Sara Goldstein

4