# EXHIBIT R

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: FEB 1 8 2014
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Bank Leumi USA,
        Plaintiff,

—v—

David Ehrlich, et al.,
        Defendants.

12 Civ. 4423 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

Before the Court is a motion brought by Defendants, Dkt. No 42, seeking relief under Federal Rule of Civil Procedure 60(b)(3) from the Court's February 19, 2013 Order denying Defendants' motion to dismiss, Dkt. No. 25 ("February Order"). In the alternative, Defendants move for reconsideration of that Order and move to vacate the entry of a default. As explained below, Rule 60(b) is inapplicable, and the Defendants' motion for reconsideration is untimely and incomplete. However, the Court determines that vacatur of the entry of default is justified. Accordingly, Defendants' motion is DENIED in part and GRANTED in part.

I.    BACKGROUND

The factual and prior procedural history of this case is described in the Court's Order denying the Defendants motion to dismiss, Dkt. No. 25, and the Court's July 24, 2013 Order granting leave to file the instant motions. Dkt. No. 40. Following the July 2013 Order, Defendants filed this motion, Plaintiff opposed, and Defendants replied in support.

II.    DISCUSSION

   A.    Rule 60(b)

Defendants style their motion as a motion for relief under Federal Rule of Civil Procedure 60(b)(3) from the Court's Order denying their motion to dismiss for lack of personal jurisdiction. Rule 60(b) is a device for challenging "a final judgment, order, or proceeding," and

a *final* judgment is needed to support a Rule 60(b) motion. 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE—CIVIL § 60.23 (3rd ed. 1999). In contrast, the February Order was interlocutory, not final. *See Merritt v. Shuttle, Inc.*, 187 F.3d 263, 267 (2d Cir. 1999) ("Generally speaking, an order denying a motion to dismiss is interlocutory and hence nonappealable."); *Grand River Enterprises Six Nations, Ltd. v. King*, No. 02 Civ. 5068 (JFK), 2009 WL 1739893, at 2 n.1 (S.D.N.Y. June 16, 2009). Under Federal Rule of Civil Procedure 54(b), "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Accordingly, the Rule "allows parties to request district courts to revisit earlier rulings," so long as "the moving party . . . do[es] so within the strictures of the law of the case doctrine." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). Because Rule 60(b) is inapplicable, the Defendants' motion for relief under Rule 60(b) is denied.

### B. Motion for Reconsideration

The issues raised by Defendants' motion are closer in substance to a Motion for Reconsideration under Local Civil Rule 6.3, and they request in the alternative that the Court construe this motion as such. Reply at 5. Defendants' motion is untimely under Rule 6.3, which permits a "motion for reconsideration . . . within fourteen (14) days after the entry of the Court's determination of the original motion." Moreover, despite seeming to ask the Court to reconsider its prior decision and dismiss the Defendants, shortly thereafter Defendants indicate they "think it is premature to re-litigate jurisdiction at this juncture." Reply at 7. Defendants complain of having been "deprived of the opportunity to present arguments" but do not yet fully present such arguments. Reply at 9.

Having pulled their punches, Defendants have not shouldered their burden of meeting the "strict" standard for reconsideration, *see Shrader v. CSX Tramp., Inc.*, 70 F.3d 255, 257 (2d

2

Cir.1995), and the Court therefore will not grant an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys. Inc. Sec. Litg.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y.2000). To the extent Defendants' motion is construed as a motion for reconsideration, the motion is denied.

### C. Rule 55(c)

Defendants also request that, in the alternative, their motion be construed as opposition to the default entry. Reply at 5. The Court therefore will construe it as a motion to "set aside an entry of default for good cause" under Fed. R. Civ. P. 55(c). While Rule 55 does not define "good cause," the Second Circuit advises Courts to consider (1) whether the default was willful; (2) whether the moving party has presented a meritorious defense; and (3) whether setting aside the default would prejudice the party for whom default was awarded. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir.1993); *see State Farm Mut. Auto. Ins. Co. v. Cohan*, 409 F. App'x 453, 455 (2d Cir. 2011).

Disposition of this motion is left to the Court's "sound discretion" because the Court "is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." *Enron Oil Corp.*, 10 F.3d at 95. However, the factors "must be applied in light of the Second Circuit's 'oft-stated preference for resolving disputes on the merits.'" *In re FKF 3, LLC*, 501 B.R. 491, 500 (S.D.N.Y. 2013) (citing *Enron Oil Corp.*, 10 F.3d at 95). "[A]n understandable zeal for a tidy, reduced calendar of cases should not overcome a court's duty to do justice in the particular case." *Enron Oil Corp.*, 10 F.3d at 96. The factors are to be applied more forgivingly to an administrative default than to a default judgment, because the concepts of finality and litigation repose are less deeply implicated in the former. *Id.*; *see In re FKF 3, LLC*, 501 B.R. at 500. In addition, "[o]ther relevant equitable factors may also be considered, for instance, whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." *Enron Oil Corp.*, 10 F.3d at 96; *see Sea Hope Navigation Inc. v. Novel Commodities SA*, No. 13

3

Civ. 3225, 2013 WL 5695955, at *2, ___ F.Supp.2d ___, ___ (S.D.N.Y. Oct. 21, 2013) (citing *Enron Oil Corp.*, 10 F.3d at 96).

The Defendants' default in this case was willful. *See* Dkt. No. 32. Although "[a] finding of willfulness is typically enough to let an entry of default stand, [t]his does not mean . . . that once a district court determines that a defaulting party acted willfully it *must* let the entry of default stand." *W.B. David & Co., Inc. v. De Beers Centenary AG*, 507 Fed.Appx. 67, 69–70 (2d Cir. 2013). After willfully defaulting, but before the entry of a default judgment, the Defendants became aware of the facts that purportedly undermine the basis of the Court's denial of their motion to dismiss, and expeditiously sought to renew their participation. Defendants retained new counsel, sought leave to file this motion, and did so. Although Plaintiff argues that Defendants' counsel in another matter in Uruguay may have slept on an opportunity to discover the information earlier, the Court notes that any lack of due diligence does not appear to have been committed by Defendants or their counsel in this matter.

In their motion, the Defendants assert that they will be able to establish a valid defense by showing as erroneous the core factual finding underpinning the Court's denial of the motion to dismiss and finding of personal jurisdiction. Defs.' Mem 2. "In order to make a sufficient showing of a meritorious defense in connection with a motion to set aside a default, the defendant[s] need not establish [t]h[eir] defense conclusively, but [t]he[y] must present credible evidence of facts that would constitute a complete defense." *State Farm Mut. Auto. Ins. Co. v. Cohan*, 409 F. App'x 453, 456 (2d Cir. 2011) (citing *Enron Oil Corp.*, 10 F.3d at 98). Here, the Court finds that Defendants have shown credible evidence of facts that would constitute a complete defense, a lack of personal jurisdiction, if, as they hope to show, the International Account Terms did not govern the parties' agreement. Reply at 6.

Next, the Court concludes that Plaintiff will not be prejudiced by vacating the entry of default. Plaintiff complains of delay, "[b]ut delay standing alone does not establish prejudice." *Enron Oil Corp.*, 10 F.3d at 98. Lastly, in considering "[o]ther relevant equitable factors," *id.* at 96, the Court notes the Defendants' argument that they acted expeditiously and in good faith

4

after discovering the existence of the Arrangements, and that maintaining the entry of default would be harsh and produce an unfair result.

Accordingly, the Court construes Defendants' motion as a motion under Rule 55(c), finds "good cause," and exercises its discretion to vacate the entry of default.

### III.  CONCLUSION

The Court denies the motion for relief under Rule 60(b), denies the motion for reconsideration, and grants the motion for relief under Rule 55(c), and vacates the entry of default. The Court thus denies without prejudice the Plaintiffs' application for a default judgment. Accordingly, Defendants are to file an answer or responsive pleading within 14 days of this Order. Failure to do so will result in the renewal of default and may lead to a default judgment.

The parties are directed to appear for an initial pretrial conference before the Court on **MARCH 7** at **11:30 AM** in Courtroom 906 of the United States District Courthouse for the Southern District of New York, Thurgood Marshall U.S. Courthouse at 40 Foley Square, New York, New York. The parties shall submit a Proposed Civil Case Management Plan and Scheduling Order and joint letter, as directed by the Court's previous Order, Dkt. No. 3, except that submission shall be by ECF, pursuant to the Court's current Individual Rules.

Finally, while the Court has decided to lift the Defendants' default, the Court again notes its concern with the course of litigation, cautions that no further extensions will be granted, and warns that any failure to comply with the terms of this Order or with the Court's Individual Practices in Civil Cases will result in sanctions.

SO ORDERED.

Dated: Feb 18, 2014
New York, New York

ALISON J. NATHAN
United States District Judge