Mark G. Hanchet, Esq.
James Ancone, Esq.
MAYER BROWN LLP
1675 Broadway
New York, New York 10019
Telephone:  (212) 506-2500
Facsimile:  (212) 262-1910

*Counsel for Plaintiff Bank Leumi USA*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BANK LEUMI USA,<br><br>       Plaintiff,<br><br>   – against –<br><br>DAVID EHRLICH, ANGELA TYKOCKI,<br>ENRIQUE EHRLICH, and<br>SARA GOLDSTEIN,<br><br>       Defendants. | Case No. 12-CV-4423 (AJN)<br><br>**ORAL ARGUMENT<br>REQUESTED** |

**BANK LEUMI USA'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

## **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 1

I. BLUSA'S REQUEST FOR A FINAL JUDGMENT ON ITS CLAIM FOR DECLARATORY RELIEF SHOULD BE GRANTED ..................................................... 1

II. THE INVESTMENT ADVISERS ACT COUNTERCLAIM FAILS BECAUSE BLUSA AND DEFENDANTS DID NOT ENTER INTO AN INVESTMENT ADVISORY CONTRACT ....................................................................................... 2

III. THE BREACH OF FIDUCIARY DUTY COUNTERCLAIM IS TIME-BARRED AND FAILS BECAUSE THERE WAS NO FIDUCIARY DUTY BETWEEN BLUSA AND DEFENDANTS ................................................................................. 2

    A. BLUSA Is Not Equitably Estopped From Raising Its Statute Of Limitations Defense And The Discovery Rule Does Not Apply ........................... 2

    B. The Agreement and Order Forms Specifically Disclaim Any Fiduciary Duty Between BLUSA And Defendants ................................................................. 5

IV. DEFENDANTS HAVE ABANDONED THEIR BREACH OF CONTRACT AND NEGLIGENCE COUNTERCLAIMS ..................................................................... 5

CONCLUSION ............................................................................................................................... 5

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Glonti v. Stevenson*,
  No. 08 Civ. 8960, 2009 WL 311293 (S.D.N.Y. Feb. 6, 2009) ...................................................4

*Jackson v. Fed. Express*,
  __ F.3d __, No. 12-cv-1475, 2014 WL 4412333 (2d Cir. Sept. 9, 2014) ..................................5

*Jordan v. UBS AG*,
  No. 600816/02, 2003 WL 25668674 (Sup. Ct. N.Y. Cnty. Apr. 16, 2003) *aff'd*, 782
  N.Y.S.2d 722 (1st Dep't 2004) .................................................................................................5

*Ross v. Louise Wise Servs., Inc.*,
  777 N.Y.S.2d 618 (Sup. Ct. N.Y. Cnty. 2004) ........................................................................4

*Ross v. Louise Wise Servs., Inc.*,
  868 N.E.2d 189 (N.Y. 2007) ....................................................................................................3

*Ruso v. Morrison*,
  695 F. Supp. 2d 33 (S.D.N.Y. 2010) .....................................................................................4, 5

*Tanz v. Kasakove*,
  No. 08 Civ. 1462, 2008 WL 2735973 (S.D.N.Y. July 7, 2008) ...........................................3, 4

*Zumpano v. Quinn*,
  849 N.E.2d 926 (N.Y. 2006) ....................................................................................................2

**STATUTES**

C.P.L.R. § 203(g) ..............................................................................................................................4

Fed. R. Civ. P. 56(c)(1) ....................................................................................................................4

**OTHER AUTHORITIES**

David D. Siegel, New York Practice § 56 (3d ed. 1999) .................................................................3

**PRELIMINARY STATEMENT**

In their opposition, Defendants ignore the entire evidentiary record and procedural history of this case.  The Agreement, the order forms for the Bonds, and the deposition testimony submitted by BLUSA establish its entitlement to a judgment declaring that it has no liability to Defendants.[1]

Instead of grappling with the record, Defendants rely on speculation and conjecture, asserting in the face of this record that their contractual relationship with BLUSA was governed not by the International Account Terms but, instead, by unspecified "laws and regulations" that Defendants intend to prove "at trial."  Defs.' Mem. of Law in Opp'n, dated Sept. 15, 2014 ("Opp."), at 7.  This is fantasy.  Defendants' brief is just another "cut and paste" job from a prior motion in this case; the Court should give Defendants' tired opposition short shrift and grant BLUSA's motion.

**ARGUMENT**

**I.    BLUSA'S REQUEST FOR A FINAL JUDGMENT ON ITS CLAIM FOR DECLARATORY RELIEF SHOULD BE GRANTED.**

Defendants fail to acknowledge let alone address any of BLUSA's arguments made in support of its request for a final judgment declaring that it has no liability (in contract or tort).  Rather, Defendants' entire response (which consists of one paragraph) is that this Court lacks personal jurisdiction over them.  *See* Opp. at 3.  But this Court has already held that Defendants consented to its jurisdiction in the Agreement's mandatory forum selection clause.  *See generally* Doc. [91].  That ruling is law of the case and Defendants fail to provide any reason for the Court to depart from it.  *Id.*

---

[1]    Capitalized terms from BLUSA's opening brief are adopted in this Reply.

1

## II. THE INVESTMENT ADVISERS ACT COUNTERCLAIM FAILS BECAUSE BLUSA AND DEFENDANTS DID NOT ENTER INTO AN INVESTMENT ADVISORY CONTRACT.

The undisputed record shows that BLUSA and Defendants entered into a broker-customer relationship, not an investment adviser-client relationship. Proving the existence of an investment advisory contract is an essential element of this claim, yet Defendants fail to proffer any evidence of such a contract. Instead, they blithely assert that they will establish the precise nature of that agreement "at trial." Opp. at 7. Such speculation is insufficient to survive summary judgment.[2] Defendants go on to say that their agreement with BLUSA "did not incorporate" the International Account Terms. Opp. at 7. Defendants are wrong. The Court already ruled that the signed Account Applications say that Defendants agreed to the International Account Terms. *See* Doc. [25] at 8, 16.

## III. THE BREACH OF FIDUCIARY DUTY COUNTERCLAIM IS TIME-BARRED AND FAILS BECAUSE THERE WAS NO FIDUCIARY DUTY BETWEEN BLUSA AND DEFENDANTS.

### A. BLUSA Is Not Equitably Estopped From Raising Its Statute Of Limitations Defense And The Discovery Rule Does Not Apply.

Defendants merely contend that BLUSA should be equitably estopped from raising this defense or, alternatively, that their counterclaim is timely under New York's discovery rule. Neither contention has merit.

For equitable estoppel to apply, Defendants must prove "subsequent and specific actions by [BLUSA] somehow kept them from timely bringing suit." *Zumpano v. Quinn*, 849 N.E.2d

---

[2] And this theory is utterly contradicted by BLUSA's former Deputy General Counsel Mr. Bittker who testified that BLUSA did not offer investment advisory services to its customers, except in one instance having nothing to do with this case, and even there, the relevant services were not governed by the International Account Terms. (SofF ¶¶ 17-19.) Citations to "SofF" are to BLUSA's Local Civil Rule 56.1 Statement, dated August 14, 2014. *See* Dkt. [86].

2

926, 929 (N.Y. 2006).[3]  Defendants can point to no evidence that BLUSA prevented Defendants from timely filing their breach of fiduciary duty counterclaim after Defendants suffered their investment losses in October 2008.  In fact, the undisputed record shows just the opposite: immediately after Kaupthing Bank defaulted on its debt in October 2008, Defendants fully understood and were aware of their investment losses.  Enrique Ehrlich testified at his deposition that in October 2008 he received a call from a stockbroker who told him about the default.  (RSofF ¶¶ 32-33.)[4]  Shortly thereafter, Kaupthing Bank failed to pay interest on Defendants' Bonds.  (RSofF ¶¶ 32-33.)  The undisputed record further shows that, in a November 6, 2008 email, Enrique Ehrlich and David Ehrlich inquired "[w]hat financial and legal liability [would] the [b]ank assume" with respect to the Bonds?  (RSofF ¶¶ 32-33.)  On November 24, 2008, Mr. Bittker responded that BLUSA would not assume any responsibility because, among other reasons, Defendants signed order forms confirming that BLUSA purchased the Bonds at Defendants' "sole risk" and "without any responsibility" on BLUSA's part.  (RSofF ¶¶ 32-33.)

Moreover, Defendants acknowledge receiving and reading BLUSA account statements that listed the Bonds.  (Ancone Decl., Ex. C at ¶¶ 126-127.)[5]  The December 2008 account statements demonstrate that Defendants purchased the Bonds for a total of $663,750.00 in February 2008 and that the Bonds had a total estimated market value of $75.00 as of December

---

[3] "[T]he availability of equitable estoppel as a means of avoiding the bar of the statute of limitations is so narrow that one commentator has written that a diligent plaintiff 'is better off assuming that the doctrine does not exist.'"  *Tanz v. Kasakove*, No. 08 Civ. 1462, 2008 WL 2735973, at *1 (S.D.N.Y. July 7, 2008) (quoting David D. Siegel, New York Practice § 56, at 75 (3d ed. 1999)); *see also Ross v. Louise Wise Servs., Inc.*, 868 N.E.2d 189, 198 (N.Y. 2007) (equitable estoppel is an "uncommon remedy").

[4] Citations to "RSofF" are to BLUSA's Reply Statement of Facts, dated September 30, 2014.

[5] Citations to "Ancone Decl." are to Declaration of James Ancone, executed August 14, 2014.  *See* Dkt. [83].

31, 2008.  (SofF ¶¶ 32-33.)  Thus, starting in December 2008 (at the latest), Defendants could have brought their counterclaim.  *Tanz*, 2008 WL 2735973, at *1-2 (rejecting argument that equitable estoppel applied where plaintiff could have reviewed her bank statements and discovered mismanagement of her finances; dismissing breach of fiduciary duty claim); *see also Glonti v. Stevenson*, No. 08 Civ. 8960, 2009 WL 311293, at *9 (S.D.N.Y. Feb. 6, 2009) (a claimant "relying on equitable estoppel . . . to defeat a statute of limitations defense must demonstrate his own due diligence").

Without citing any evidence, Defendants allege that they "did not discover" the magnitude of their investment losses until they relieved BLUSA and assumed their own representation in the Kaupthing Bank insolvency proceedings.  Opp. at 4.  But Defendants can cite no *evidence* to support these unfounded assertions.  FED. R. CIV. P. 56(c)(1).  In any event, these vague allegations, which are conclusively contradicted by the evidentiary record, do not show how Defendants were prevented from filing suit during the three and half years that they allege that the statute of limitations was tolled.  Opp. at 5 (alleging tolling until March 2012).

Defendants' attempt to take advantage of the discovery rule warrants little attention.  Opp. at 5 (citing N.Y. C.P.L.R. § 203(g)).  The discovery rule does not apply to Defendants' breach of fiduciary duty counterclaim.  *Ross v. Louise Wise Servs., Inc.*, 777 N.Y.S.2d 618, 622 (Sup. Ct. N.Y. Cnty. 2004) ("[T]here is no authority to apply the discovery rule set forth in CPLR § 203(g) to . . . causes of action other than fraud[.]").  And, even if the discovery rule were applicable, the claim would still be time-barred because the rule is limited to those instances in which a claimant is "blamelessly ignorant of the existence [or] cause of his injury."  *Ruso v. Morrison*, 695 F. Supp. 2d 33, 46 (S.D.N.Y. 2010) (internal quotation marks omitted).  "Where the [claimant] has knowledge of his claim or of facts which would have prompted a reasonable

4

person using due diligence to discover the claim, the discovery rule does not extend the time within which the [claimant] must bring his claim." *Id.* Defendants knew about their investment losses no later than December 2008 and their claim is time-barred.

### B. The Agreement and Order Forms Specifically Disclaim Any Fiduciary Duty Between BLUSA And Defendants.

Defendants do not dispute that the Agreement and order forms expressly state that BLUSA was not advising Defendants with respect to their purchase of securities. Nor do they explain how their counterclaim can survive the holding of *Jordan v. UBS AG*, No. 600816/02, 2003 WL 25668674 (Sup. Ct. N.Y. Cnty. Apr. 16, 2003) *aff'd*, 782 N.Y.S.2d 722 (1st Dep't 2004), in which the court dismissed – as a matter of law – a breach of fiduciary duty claim asserted by a customer against his brokerage firm in the face of similar disclaimers. Therefore, even if it were timely (and it is not), this counterclaim would fail on the merits.

## IV. DEFENDANTS HAVE ABANDONED THEIR BREACH OF CONTRACT AND NEGLIGENCE COUNTERCLAIMS.

Defendants do not respond to any of BLUSA's arguments for dismissal of the breach of contract and negligence counterclaims. Defendants apparently have abandoned these counterclaims and summary judgment therefore should be entered for BLUSA. *Jackson v. Fed. Express*, __ F.3d __, No. 12-cv-1475, 2014 WL 4412333, at *5 (2d Cir. Sept. 9, 2014).

### CONCLUSION

For all the foregoing reasons, the Court should enter summary judgment in BLUSA's favor on Defendants' four counterclaims and they should be dismissed with prejudice.

Dated:  September 30, 2014
New York, NY

                MAYER BROWN LLP

           By:    /s/ Mark G. Hanchet

                Mark G. Hanchet, Esq.
                James Ancone, Esq.
                1675 Broadway, 19th Floor
                New York, New York  10019
                Tel:  (212) 506-2500
                Fax: (212) 262-1910

                *Counsel for Plaintiff Bank Leumi USA*

## **CERTIFICATE OF SERVICE**

I, James Ancone, an attorney, hereby certify that, on September 30, 2014, I caused true and correct copies of the foregoing document to be sent to Defendants' counsel of record via ECF and at the following email address:

Jose Raul Alcantar Villagran, Esq. (JA2849)
ALCANTAR LAW PLLC
22 Cortlandt Street, 16th Floor
New York, New York 10007
Tel: (212) 658-0222
Fax: (646) 568-5843
raul.alcantar@alcantarlaw.com

*Attorneys for Defendants*


Dated:   September 30, 2014
         New York, NY


                                            By:    /s/ James Ancone
                                                   James Ancone