Mark G. Hanchet, Esq.
James Ancone, Esq.
MAYER BROWN LLP
1675 Broadway
New York, New York 10019
Telephone:  (212) 506-2500
Facsimile:  (212) 262-1910

*Counsel for Plaintiff Bank Leumi USA*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BANK LEUMI USA,<br><br>                              Plaintiff,<br><br>– against –<br><br>DAVID EHRLICH, ANGELA TYKOCKI,<br>ENRIQUE EHRLICH, and SARA GOLDSTEIN,<br><br>                              Defendants. | Case No. 12-CV-4423 (AJN)<br><br>**ORAL ARGUMENT<br>REQUESTED** |

## BANK LEUMI USA'S REPLY STATEMENT
## PURSUANT TO LOCAL CIVIL RULE 56.1

BLUSA submits the following reply to Defendants' Local Civil Rule 56.1 responses.

BLUSA requests that material facts numbered 2, 5, 8, 11, 19, 27, 28, 31, 35, 37, 39, 40, 41, and 43 be deemed admitted for purposes of this motion because Plaintiff does not respond to these material facts and, therefore, does not establish a genuine dispute for trial.  *See* Local Civil Rule 56.1(c) (moving party's material facts "will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party").

BLUSA requests that material facts numbered 1, 3, 4, 6, 7, 9, 10, 12-18, 20-26, 29, 30, 32-34, 36, 38, and 42 be deemed admitted for purposes of this motion because Plaintiff does not specifically controvert these material facts with record evidence and, therefore, does not establish

a genuine dispute for trial.  *See* Local Civil Rule 56.1(c);  *Giannullo v. City of New York*, 322

F.3d 139, 140 (2d Cir. 2003) ("If the opposing party . . . fails to controvert a fact so set forth in

the moving party's Rule 56.1 statement, that fact will be deemed admitted.").  Defendants'

citations in these paragraphs relate to immaterial and irrelevant facts and characterizations of

facts and, therefore, do not create a genuine dispute for trial.  *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 248 (1986) ("[T]he substantive law will identify which facts are material.  Only

disputes over facts that might affect the outcome of the suit under the governing law will

properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or

unnecessary will not be counted.").

*      *      *

BLUSA's specific replies to Defendants' Local Civil Rule 56.1 responses follow:

1.     <u>BLUSA's Material Fact</u>:  On September 17, 2002, Defendants David Ehrlich,
Angela Tykocki, Enrique Ehrlich, and Sara Goldstein ("collectively" Defendants) applied to
open three non-discretionary brokerage accounts with Plaintiff Bank Leumi USA ("BLUSA").
(Decl. of Donald L. Bittker, executed Aug. 5, 2014 ("Bittker Decl."), Ex. A at 1, Ex. B at 1, Ex.
C at 1; Decl. of James Ancone, executed Aug. 14, 2014 ("Ancone Decl."), Ex. D at 34:21-35:2.)

1.     <u>Defendants' Response</u>:  Objection and disputed fact. Mr. Gregorio Malamud, an
employee of Leumi (Latin America) S.A. suggested Defendants' [*sic*] open BLUSA accounts
and himself completed the BLUSA account applications.  [Defendants' Declaration, dated
March 4, 2014, at ¶¶ 4-5].  The opening of the accounts was approved and signed by Mr. Ami
Ohayon, an officer of Leumi (Latin America) S.A. in Montevideo, Uruguay, in his capacity as
Deputy General Manager of said institution.  *Id.*

1.     **<u>BLUSA's Reply</u>**:  Defendants do not specifically controvert with record

evidence that Defendants applied to open three non-discretionary brokerage accounts with

BLUSA.  These material facts should therefore be deemed admitted.  *See* Local Civil Rule

56.1(c); *Giannullo*, 322 F.3d at 140.  Defendants' additional argument and citations regarding

Mr. Malamud and Mr. Ohayon are irrelevant and immaterial to the claims and counterclaims at

2

issue in BLUSA's motion.  Defendants therefore fail to create a genuine issue of material fact

for trial.  *Anderson*, 477 U.S. at 248.

2.      BLUSA's Material Fact:  BLUSA opened: (1) Account 0810 in the name of
Enrique Ehrlich and David Ehrlich; (2) Account 0829 in the name of Enrique Ehrlich and Sara
Goldstein; and (3) Account 0837 in the name of David Ehrlich and Angela Tykocki.  (Bittker
Decl., Ex. A at 1, Ex. B at 1, Ex. C at 1.)

2.      Defendants' Response:  [None.]

2.      **BLUSA's Reply**:  Defendants do not respond to BLUSA's material fact and

therefore it should be deemed admitted.  *See* Local Civil Rule 56.1(c).

3.      BLUSA's Material Fact:  On September 17, 2002, Defendant Enrique Ehrlich
completed and signed an international account application ("Account Application") to open
Account 0810.  (Bittker Decl., Ex. A at 5A; Ancone Decl., Ex. G at No. 1.)

3.      Defendants' Response:  Objection and disputed fact.  *See* Defendants' Response
to ¶ 1 *supra.*

3.      **BLUSA's Reply**:  Defendants do not specifically controvert with record

evidence that Enrique Ehrlich signed the Account Application to open Account 0810.  This

material fact should therefore be deemed admitted.  *See* Local Civil Rule 56.1(c); *Giannullo*,

322 F.3d at 140.  Defendants' additional argument and citations regarding Mr. Malamud and

Mr. Ohayon are irrelevant and immaterial to the claims and counterclaims at issue in BLUSA's

motion.  Defendants therefore fail to create a genuine issue of material fact for trial.  *Anderson*,

477 U.S. at 248.

4.      BLUSA's Material Fact:  On September 17, 2002, David Ehrlich completed and
signed an Account Application to open Account 0810. (Bittker Decl., Ex. A at 5A; Ancone
Decl., Ex. G at No. 2.)

4.      Defendants' Response:   Objection and disputed fact.  *See* Defendants' Response
to ¶ 1 *supra.*

4.      **BLUSA's Reply**:  Defendants do not specifically controvert with record

evidence that David Ehrlich signed the Account Application to open Account 0810.  This material fact should therefore be deemed admitted.  *See* Local Civil Rule 56.1(c); *Giannullo*, 322 F.3d at 140.  Defendants' additional argument and citations regarding Mr. Malamud and Mr. Ohayon are irrelevant and immaterial to the claims and counterclaims at issue in BLUSA's motion.  Defendants therefore fail to create a genuine issue of material fact for trial.  *Anderson*, 477 U.S. at 248.

5.     BLUSA's Material Fact:  Enrique Ehrlich and David Ehrlich were the "account owners" of Account 0810. (Bittker Decl., Ex. A at 2-3.)

5.     Defendants' Response:  [None]

**BLUSA's Reply:**  Defendants do not respond to BLUSA's material fact and therefore it should be deemed admitted.  *See* Local Civil Rule 56.1(c).

6.     BLUSA's Material Fact:  On September 17, 2002, Enrique Ehrlich completed and signed an Account Application to open Account 0829. (Bittker Decl., Ex. B at 6; Ancone Decl., Ex. C at ¶ 21, G at No. 3.)

6.     Defendants' Response:  Objection and disputed fact.  *See* Defendants' Response to ¶ 1 *supra*.

6.     **BLUSA's Reply**:  Defendants do not specifically controvert with record evidence that Enrique Ehrlich signed the Account Application to open Account 0829.  This material fact should therefore be deemed admitted.  *See* Local Civil Rule 56.1(c); *Giannullo*, 322 F.3d at 140.  Defendants' additional argument and citations regarding Mr. Malamud and Mr. Ohayon are irrelevant and immaterial to the claims and counterclaims at issue in BLUSA's motion.  Defendants therefore fail to create a genuine issue of material fact for trial.  *Anderson*, 477 U.S. at 248.

7.     BLUSA's Material Fact:  On September 17, 2002, Sara Goldstein completed and signed an Account Application to open Account 0829. (Bittker Decl. Ex. B at 6; Ancone Decl.,

Ex. C at ¶ 21, Ex. G at No. 4.)

7.   <u>Defendants' Response</u>:  Objection and disputed fact.  *See* Defendants' Response to ¶ 1 *supra*.

7.   **<u>BLUSA's Reply</u>**:  Defendants do not specifically controvert with record evidence that Sara Goldstein signed the Account Application to open Account 0829.  This material fact should therefore be deemed admitted.  *See* Local Civil Rule 56.1(c); *Giannullo*, 322 F.3d at 140.  Defendants' additional argument and citations regarding Mr. Malamud and Mr. Ohayon are irrelevant and immaterial to the claims and counterclaims at issue in BLUSA's motion.  Defendants therefore fail to create a genuine issue of material fact for trial.  *Anderson*, 477 U.S. at 248.

8.   <u>BLUSA's Material Fact</u>:  Enrique Ehrlich and Sara Goldstein were the "account owners" of Account 0829. (Bittker Decl., Ex. B at 2-3.)

8.   <u>Defendants' Response</u>:  [None]

8.   **<u>BLUSA's Reply</u>**:  Defendants do not respond to BLUSA's material fact and therefore it should be deemed admitted.  *See* Local Civil Rule 56.1(c).

9.   <u>BLUSA's Material Fact</u>:  On September 17, 2002, David Ehrlich completed and signed an Account Application to open Account 0837. (Bittker Decl., Ex. C at 5A; Ancone Decl., Ex. G at No. 5.)

9.   <u>Defendants' Response</u>:  Objection and disputed fact.  *See* Defendants' Response to ¶ 1 *supra*.

9.   **<u>BLUSA's Reply</u>**:  Defendants do not specifically controvert with record evidence that David Ehrlich signed the Account Application to open Account 0837.  This material fact should therefore be deemed admitted.  *See* Local Civil Rule 56.1(c); *Giannullo*, 322 F.3d at 140.  Defendants' additional argument and citations regarding Mr. Malamud and Mr. Ohayon are irrelevant and immaterial to the claims and counterclaims at issue in BLUSA's

motion.  Defendants therefore fail to create a genuine issue of material fact for trial.  *Anderson*,

477 U.S. at 248.


10.     BLUSA's Material Fact:  On September 17, 2002, Angela Tykocki completed
and signed an Account Application to open Account 0837. (Bittker Decl., Ex. C at 5A; Ancone
Decl., Ex. G at No. 6.)

10.     Defendants' Response:  Objection and disputed fact.  *See* Defendants' Response
to ¶ 1 *supra*.

10.     **BLUSA's Reply**:  Defendants do not specifically controvert with record

evidence that Angela Tykocki signed the Account Application to open Account 0837.  This

material fact should therefore be deemed admitted.  *See* Local Civil Rule 56.1(c); *Giannullo*,

322 F.3d at 140.  Defendants' additional argument and citations regarding Mr. Malamud and

Mr. Ohayon are irrelevant and immaterial to the claims and counterclaims at issue in BLUSA's

motion.  Defendants therefore fail to create a genuine issue of material fact for trial.  *Anderson*,

477 U.S. at 248.


11.     BLUSA's Material Fact:  David Ehrlich and Angela Tykocki were the "account
owners" of Account 0837.  (Bittker Decl., Ex. C at 2-3.)

11.     Defendants' Response:  [None]

11.     **BLUSA's Reply**:  Defendants do not respond to BLUSA's material fact and

therefore it should be deemed admitted.  *See* Local Civil Rule 56.1(c).


12.     BLUSA's Material Fact:  Each of the Account Applications signed by each of
the Defendants contains the following statement: "The Account Owner confirms receiving a
copy of, and agreeing to, the International Account Terms." (Bittker Decl., Ex. A at 6, Ex. B at
6, Ex. C at 6.)

12.     Defendants' Response:  Objection and disputed fact.  The applicability of the
International Account Terms to Defendants' BLUSA accounts remains in dispute because
BLUSA had already supplanted such form with the International Financial Services
Arrangements when BLUSA opened Defendants' accounts and because BLUSA did not provide
Defendants with a copy of the International Account Terms when the BLUSA accounts were

opened.

The International Account Terms are dated December 2000. [*See* cover sheet of International Account Terms, Exhibit B to Dkt. No. 70] The International Financial Services Arrangements are dated June 2002. [*See* International Financial Arrangements' cover sheet, Exhibit 3, to Dkt. No. 42; *see also* Bittker Dep. at 24:20-21]. Donald L. Bittker ordered the reproduction of the International Financial Services Arrangements on or about June 2002 [Bittker Dep. at 25:21-22]. The number of copies for reproduction and request for dissemination of the International Financial Services Arrangements were explicitly conveyed to Mr. Bittker by BLUSA's own business unit. [*Id.* at 25:6-8; 25:21- 22]. Pursuant to its own terms, the International Financial Services Arrangements supplanted the International Account Terms. [*See* International Financial Services Arrangements at section 1.1 ("Introduction")]. The International Financial Services Arrangements were ordered printed approximately three (3) months prior to Defendants opening their accounts with BLUSA. [See Bittker Dep. at 25:21-22; *see also* International Financial Services Arrangements; International Account Applications].

Leumi Latin America's account officers did not regularly provide to each BLUSA account applicant opening documents, including the terms and conditions of the account relationship [Ganz Dep., annexed to Memorandum of Law In Support of Defendants' Joint Motion for Summary Judgment as Exhibit E, at 72:10-25; 73:1-25; 74:1-3]. Defendants did not receive a copy of the International Account Terms during their BLUSA account opening process. [Defendants' First Decl. ¶¶ 23, 28].

12.   **BLUSA's Reply**:  Defendants do not specifically controvert with record evidence BLUSA's material fact.  It should therefore be deemed admitted.  *See* Local Civil Rule 56.1(c); *Giannullo*, 322 F.3d at 140.  Defendants' additional argument and citations are irrelevant and immaterial to the claims and counterclaims at issue in BLUSA's motion. Defendants therefore fail to create a genuine issue of material fact for trial.  *Anderson*, 477 U.S. at 248.  BLUSA's responses to Defendants' arguments are found in BLUSA's opposition to Defendants' cross motion for summary judgment.  *See* Dkt. [91] at 9-10 (explaining that the International Financial Services Arrangements did not govern Defendants' relationship with BLUSA); *id.* at 8-9 (actual receipt of International Account Terms is legally immaterial under governing Second Circuit case law); *id* at 9 n.3 (Defendants mischaracterize Uriel Ganz's deposition testimony).

13.   <u>BLUSA's Material Fact</u>:  The International Account Terms provide that "[t]hese

7

are the 'International Account Terms' referred to in the International Account Application."
(Bittker Decl., Ex. D at 1.)

13.     Defendants' Response:  Objection and disputed fact.  The applicability of the
International Account Terms to Defendants' BLUSA accounts remains in dispute.  *See*
Defendants' Response to ¶ 12 *supra*.

13.     **BLUSA's Reply**:  Defendants do not specifically controvert with record

evidence BLUSA's material fact.  It should therefore be deemed admitted.  *See* Local Civil Rule

56.1(c); *Giannullo*, 322 F.3d at 140.  Defendants' additional argument and citation are irrelevant

and immaterial to the claims and counterclaims at issue in BLUSA's motion.  Defendants

therefore fail to create a genuine issue of material fact for trial.  *Anderson*, 477 U.S. at 248.

BLUSA's response to Defendants' argument is found in BLUSA's opposition to Defendants'

cross motion for summary judgment.  *See* Dkt. [91] at 7-11 (the Court has already ruled that the

International Account Terms govern Defendants' relationship with BLUSA; Defendants fail to

show otherwise).

14.     BLUSA's Material Fact:  Article V of the International Account Terms provides
as follows:

**ARTICLE V – INVESTMENT AND FOREIGN CURRENCY**
**PROVISIONS**

If the Bank makes certain kinds of investments and/or purchases or
sells foreign currencies for you, by your execution of the Account
Application you agree to the following provisions and that they are
a part of this Agreement: ....

(Bittker Decl., Ex. D at 17 (Art. V).)

14.     Defendants' Response:  Objection and disputed fact.  The applicability of the
International Account Terms to Defendants' BLUSA accounts remains in dispute.  *See*
Defendants' Response to ¶ 12 *supra*.

14.     **BLUSA's Reply**:  Defendants do not specifically controvert with record

evidence BLUSA's material fact.  It should therefore be deemed admitted.  *See* Local Civil Rule

56.1(c); *Giannullo*, 322 F.3d at 140.  Defendants' additional argument and citation are irrelevant

and immaterial to the claims and counterclaims at issue in BLUSA's motion.  Defendants

therefore fail to create a genuine issue of material fact for trial.  *Anderson*, 477 U.S. at 248.

BLUSA's response to Defendants' argument is found in BLUSA's opposition to Defendants'

cross motion for summary judgment.  *See* Dkt. [91] at 7-11 (the Court has already ruled that the

International Account Terms govern Defendants' relationship with BLUSA; Defendants fail to

show otherwise).


15.     BLUSA's Material Fact:  The International Account Terms define "Bank" as
"Bank Leumi USA and its successors and assigns." (Bittker Decl., Ex. D at 1.)

15.     Defendants' Response:  Objection and disputed fact.  The applicability of the
International Account Terms to Defendants' BLUSA accounts remains in dispute. *See*
Defendants' Response to ¶ 12 *supra*.

15.     **BLUSA's Reply**:  Defendants do not specifically controvert with record

evidence BLUSA's material fact.  It should therefore be deemed admitted.  *See* Local Civil Rule

56.1(c); *Giannullo*, 322 F.3d at 140.  Defendants' additional argument and citation are irrelevant

and immaterial to the claims and counterclaims at issue in BLUSA's motion.  Defendants

therefore fail to create a genuine issue of material fact for trial.  *Anderson*, 477 U.S. at 248.

BLUSA's response to Defendants' argument is found in BLUSA's opposition to Defendants'

cross motion for summary judgment.  *See* Dkt. [91] at 7-11 (the Court has already ruled that the

International Account Terms govern Defendants' relationship with BLUSA; Defendants fail to

show otherwise).


16.     BLUSA's Material Fact:  The International Account Terms define "you" and
"your" as "each and every individual or entity signing the Account Application as a
'Customer.'" (Bittker Decl., Ex. D at 1.)

16.     Defendants' Response:  Objection and disputed fact.  The applicability of the
International Account Terms to Defendants' BLUSA accounts remains in dispute.  *See*

Defendants' Response to ¶ 12 *supra*.

16.    **BLUSA's Reply**:  Defendants do not specifically controvert with record

evidence BLUSA's material fact.  It should therefore be deemed admitted.  *See* Local Civil Rule

56.1(c); *Giannullo*, 322 F.3d at 140.  Defendants' additional argument and citation are irrelevant

and immaterial to the claims and counterclaims at issue in BLUSA's motion.  Defendants

therefore fail to create a genuine issue of material fact for trial.  *Anderson*, 477 U.S. at 248.

BLUSA's response to Defendants' argument is found in BLUSA's opposition to Defendants'

cross motion for summary judgment.  *See* Dkt. [91] at 7-11 (the Court has already ruled that the

International Account Terms govern Defendants' relationship with BLUSA; Defendants fail to

show otherwise).

17.    BLUSA's Undisputed Fact:  Section 25(a) of Article V of the International
Account Terms states that BLUSA does not provide investment advice with respect to securities
purchased for Defendants' BLUSA accounts:

> Investment Advice; Bank's Liability; Fees.
>
> a. Neither the Bank nor its officers or employees provide
> investment advice relating to the purchase or sale, pursuant to this
> Agreement, of foreign currencies or financial assets. Investment
> advice is available from the Bank only if you enter into an
> Investment Management Agreement with the Bank and then only
> in the circumstances provided for in that Investment Management
> Agreement.

(Bittker Decl., Ex. D at 20 § 25(a)).)

17.    Defendants' Response:  Objection and disputed fact.  The applicability of the
International Account Terms to Defendants' BLUSA accounts remains in dispute.  *See*
Defendants' Response to ¶ 12 *supra*.

Second, the text speaks for itself and does not support BLUSA's conclusion. Assuming,
arguendo, that the International Account Terms were applicable to Defendants' accounts, the
cited section merely states that "Neither the ***Bank*** nor its officers or employees provide
investment advice . . .". (emphasis added) The definition of "Bank", however, only includes
"Bank Leumi USA and its successors and assigns" (Bittker Decl., Ex. D at 1.), it does not
include Leumi (Latin America) S.A. or its officers or employees, the entity whose personnel

Defendants' [*sic*] exclusively interacted with in opening their BLUSA accounts.  *See* Declaration of David Ehrlich, Angela Tykocki, Enrique Ehrlich, and Sara Goldstein In Support of Defendants Motion to Dismiss the Complaint, dated July 19, 2012, at ¶¶ 13, 15 [Dkt. No. 10] ("Defendants' First Decl.").

17.    **BLUSA's Reply**:  Defendants do not specifically controvert with record evidence BLUSA's material fact.  It should therefore be deemed admitted.  *See* Local Civil Rule 56.1(c); *Giannullo*, 322 F.3d at 140.  Defendants' additional argument and citation are irrelevant and immaterial to the claims and counterclaims at issue in BLUSA's motion.  Defendants therefore fail to create a genuine issue of material fact for trial.  *Anderson*, 477 U.S. at 248. BLUSA's response regarding the applicability of the International Account Terms is found in BLUSA's opposition to Defendants' cross motion for summary judgment.  *See* Dkt. [91] at 7-11 (the Court has already ruled that the International Account Terms govern Defendants' relationship with BLUSA; Defendants fail to show otherwise).  BLUSA demonstrated that Defendants entered into valid and enforceable Agreements with BLUSA, and Defendants' implication to the contrary is false and not support by any record evidence.  *See* Dkt. [85] at 11-13.

18.    BLUSA's Material Fact:  In 2008, BLUSA did not offer investment advisory services to its customers, except with respect to an entity called "The Claim Conference," which was an entity formed to facilitate the distribution of reparation payments arising out of the Holocaust. (Ancone Decl., Ex. D at 35:3-20.)

18.    Defendants' Response:  Objection and disputed fact.  BLUSA cannot offer any relevant admissible evidence with respect to this statement. BLUSA did not directly open accounts for its customers in Uruguay. Employees of Leumi (Latin America) S.A. signed the Defendants' account opening applications on behalf of Leumi (Latin America) S.A. "as a representative of BLUSA." [International Account Applications at A6, A15, A21, A27, and A37]. Leumi Latin America had authority to act on behalf of BLUSA with respect to conducting the initial personal contact with a prospective client. [Bittker Dep. 16:2-12; Ganz Dep.at 27:11-19]. Leumi (Latin America) S.A. acted as agent or representative of BLUSA with respect to BLUSA's customers in Montevideo, Uruguay, including the Defendants. [Ganz Dep. at 26:14-24; 27:11-19]. Mr. Donald Bittker, BLUSA's sole witness offered with respect to BLUSA's investment advisory practices, has never visited Leumi Latin America's offices in Montevideo, Uruguay. [Bittker Dep. at 18:23-25]. Donald L. Bittker also does not have direct knowledge of

the account opening practices in Leumi Latin America's offices in Montevideo, Uruguay. [Bittker Dep. at 17:16; 18:25].

18.    **BLUSA's Reply**:  Defendants do not specifically controvert with record

evidence BLUSA's material fact.  It should therefore be deemed admitted.  *See* Local Civil Rule

56.1(c); *Giannullo*, 322 F.3d at 140.  Defendants' additional arguments and citations are

irrelevant and immaterial to the claims and counterclaims at issue in BLUSA's motion.

Defendants therefore fail to create a genuine issue of material fact for trial.  *Anderson*, 477 U.S.

at 248.  BLUSA demonstrated that Defendants entered into valid and enforceable Agreements

with BLUSA, and Defendants' implication to the contrary is false and not support by any record

evidence.  *See* Dkt. [85] at 11-13.


19.    <u>BLUSA's Material Fact</u>:  To the extent BLUSA entered into an investment advisory agreement with a customer, that agreement is not governed by the International Account Terms. (Bittker Decl., Ex. D at 20 (§ 25(a)); Ancone Decl., Ex. D at 35:11-20.)

19.    <u>Defendants' Response</u>:  [None.]

19.    **BLUSA's Reply**:  Defendants do not respond to BLUSA's material fact and

therefore it should be deemed admitted.  *See* Local Civil Rule 56.1(c).


20.    <u>BLUSA's Material Fact</u>:  Section 23 of Article V of the International Account Terms also states that BLUSA agreed to acquire securities for Defendants' BLUSA accounts per Defendants' instructions but at Defendants' sole risk:

<u>Agreement for the Purchase and Sale of Financial Assets</u>.

a.      You may request that the Bank open and maintain one or more investment accounts (the 'Investment Account') for the financial assets you may select from time to time (each, individually, an 'Asset' and, collectively, the 'Assets'), and that the Bank acquire, hold, and/or dispose of any or all of the Assets pursuant to your instructions, subject to the terms of these provisions....

b.      The Bank is instructed and authorized to acquire in the Bank's name, but for the benefit of your Investment Account and

at your sole risk, the Assets selected by you from time to time.

(Bittker Decl., Ex. D at 17 (§ 23(a)-(b)).)

20.     <u>Defendants' Response</u>:  Objection and disputed fact.  The applicability of the International Account Terms to Defendants' BLUSA accounts remains in dispute.  *See* Defendants' Response to ¶ 12 *supra*. BLUSA cannot offer any relevant admissible evidence with respect to this statement.  *See* Defendants' Response to ¶ 18 *supra*.

20.     **BLUSA's Reply**:  Defendants do not specifically controvert with record

evidence BLUSA's material fact.  It should therefore be deemed admitted.  *See* Local Civil Rule

56.1(c); *Giannullo*, 322 F.3d at 140.  Defendants' additional argument and citation are irrelevant

and immaterial to the claims and counterclaims at issue in BLUSA's motion.  Defendants

therefore fail to create a genuine issue of material fact for trial.  *Anderson*, 477 U.S. at 248.

BLUSA respectfully refers the Court to its replies in ¶¶ 12 and 18 above.


21.     <u>BLUSA's Material Fact</u>:  The "Investment Account" referenced in the International Account Terms is a non-discretionary account. (Bittker Decl. ¶ 7; Ancone Decl., Ex. D at 34:21-35:2 ("Second, there would be a securities account if the customer was desirous, the securities account would not be discretionary[.] Bank Leumi USA does not offer discretionary securities accounts, we require the specific instruction of the owner of the account in order to purchase or sell a security.").)

21.     <u>Defendants' Response</u>:  Objection and disputed fact.  The applicability of the International Account Terms to Defendants' BLUSA accounts remains in dispute. *See* Defendants' Response to ¶ 12 *supra*. BLUSA cannot offer any relevant admissible evidence with respect to this statement. See Defendants' Response to ¶ 18 *supra*.

21.     **BLUSA's Reply**: Defendants do not specifically controvert with record evidence

BLUSA's material fact.  It should therefore be deemed admitted.  *See* Local Civil Rule 56.1(c);

*Giannullo*, 322 F.3d at 140.  Defendants' additional argument and citation are irrelevant and

immaterial to the claims and counterclaims at issue in BLUSA's motion.  Defendants therefore

fail to create a genuine issue of material fact for trial.  *Anderson*, 477 U.S. at 248.  BLUSA

respectfully refers the Court to its replies in ¶¶ 12 and 18 above.

13

22.     BLUSA's Material Fact:  Under Section 23 of Article V of the International
Account Terms, Defendants agreed that they would consider the risks of investing in assets
before acquiring those assets for their BLUSA accounts; that BLUSA would not make any
representations or warranties with respect to those assets; and that Defendants were
sophisticated investors:

> f. You agree to the following:
>
> (1) The Bank will be acting solely as your agent, and the Assets
> will be acquired, held, and disposed of at your sole risk....
>
> (3) The decision to acquire, hold, and dispose of the Assets will be
> made by you following your consideration of the risks involved
> including (without limitation) the risks referred to in paragraph
> 23(f)(4), and you acknowledge that the Bank has made no
> representations or warranties to you related to any such risks. You
> further acknowledge that you are a sophisticated investor able to
> evaluate the merits and risks of all investments in the Assets and
> are able to bear the economic risk of these kinds of investments.
>
> (4) The Bank will not be responsible for any depreciation, currency
> exchange losses, or loss in value of the Assets, except for that
> actual damages caused solely by the Bank's fraudulent act or
> willful misconduct. The Bank will not be responsible for any
> action that it takes according to your instructions or for any action
> taken by it under the authority given to it under paragraphs 23(a)-
> (b).

(Bittker Decl., Ex. D at 18 (§ 23(f)(1), (3)-(4)).)

22.     Defendants' Response:  Objection and disputed fact.  The applicability of the
International Account Terms to Defendants' BLUSA accounts remains in dispute. *See*
Defendants' Response to ¶ 12 *supra*.

22.     **BLUSA's Reply**: Defendants do not specifically controvert with record evidence

BLUSA's material fact.  It should therefore be deemed admitted.  *See* Local Civil Rule 56.1(c);

*Giannullo*, 322 F.3d at 140.  Defendants' additional argument and citations are irrelevant and

immaterial to the claims and counterclaims at issue in BLUSA's motion.  Defendants therefore

fail to create a genuine issue of material fact for trial. *Anderson*, 477 U.S. at 248.  BLUSA's

response to Defendants' argument is found in BLUSA's opposition to Defendants' cross motion

for summary judgment.  *See* Dkt. [91] at 7-11 (the Court has already ruled that the International

Account Terms govern Defendants' relationship with BLUSA; Defendants fail to show

otherwise).

23.    <u>BLUSA's Material Fact</u>:  Section 28 of Article V of the International Account
Terms provides as follows:

> **e.    THE INVESTMENT AND FOREIGN CURRENCY
> TRANSACTIONS COVERED BY THIS ARTICLE (i) ARE
> NOT INSURED BY THE FEDERAL DEPOSIT INSURANCE
> CORPORATION, (ii) ARE NOT DEPOSITS OR OTHER
> OBLIGATIONS OF, OR GUARANTEED BY, THE BANK
> OR ANY OTHER U.S. BANK, AND (iii) ARE SUBJECT TO
> INVESTMENT RISKS, INCLUDING POSSIBLE LOSS OF
> THE PRINCIPAL AMOUNT INVESTED.**

(Bittker Decl., Ex. D at 22 (§ 28(e)) (caps and emphasis in original).)

23.    <u>Defendants' Response</u>:  Objection and disputed fact.  The applicability of the
International Account Terms to Defendants' BLUSA accounts remains in dispute.  *See*
Defendants' Response to ¶ 12 *supra*.

23.    **<u>BLUSA's Reply</u>**:  Defendants do not specifically controvert with record

evidence BLUSA's material fact.  It should therefore be deemed admitted.  *See* Local Civil Rule

56.1(c); *Giannullo*, 322 F.3d at 140.  Defendants' additional argument and citations are

irrelevant and immaterial to the claims and counterclaims at issue in BLUSA's motion.

Defendants therefore fail to create a genuine issue of material fact for trial.  *Anderson*, 477 U.S.

at 248.  BLUSA's response to Defendants' argument is found in BLUSA's opposition to

Defendants' cross motion for summary judgment.  *See* Dkt. [91] at 7-11 (the Court has already

ruled that the International Account Terms govern Defendants' relationship with BLUSA;

Defendants fail to show otherwise).

24.    <u>BLUSA's Material Fact</u>:  The International Account Terms and the other account
opening documents, including the Account Applications, constitute the agreement
("Agreement") between BLUSA and Defendants with respect to each of the three BLUSA

accounts opened by Defendants. (Bittker Decl., Ex. D at 1 (set forth in "Introduction" paragraph; definition of "Agreement").)

24.     Defendants' Response:  Objection and disputed fact.  The applicability of the International Account Terms to Defendants' BLUSA accounts remains in dispute. *See* Defendants' Response to ¶ 12 *supra*.

24.     **BLUSA's Reply**:  Defendants do not specifically controvert with record

evidence BLUSA's material fact.  It should therefore be deemed admitted.  *See* Local Civil Rule

56.1(c); *Giannullo*, 322 F.3d at 140.  Defendants' additional argument and citations are

irrelevant and immaterial to the claims and counterclaims at issue in BLUSA's motion.

Defendants therefore fail to create a genuine issue of material fact for trial.  *Anderson*, 477 U.S.

at 248.  BLUSA's response to Defendants' argument is found in BLUSA's opposition to

Defendants' cross motion for summary judgment.  *See* Dkt. [91] at 7-11 (the Court has already

ruled that the International Account Terms govern Defendants' relationship with BLUSA;

Defendants fail to show otherwise).


25.     BLUSA's Material Fact:  On or about February 21, 2008, Enrique Ehrlich signed an order form instructing BLUSA to purchase a total of $515,000.00 face value of bonds issued by Kaupthing Bank, a bank organized under the laws of Iceland, for Account 0829. (Bittker Decl., Ex. E; Ancone Ex. G at No. 7.)

25.     Defendants' Response:  Objection and disputed fact.  Enrique Ehrlich did not instruct BLUSA to purchase the bonds out of his own initiative, but at the suggestion of Mr. Uriel Ganz, an employee of Leumi (Latin America) S.A. and BLUSA's agent. [Ganz Dep. at 26:14-24; 27:11-19, 43:23-25 through 44:2, and 46:2-16]. Enrique Ehrlich had never heard of Kaupthing Bank and had no knowledge that Iceland and/or its banks were players in the international financial markets. *See* Defendants' Declaration, dated March 4, 2014, at ¶ 11 [Dkt. No. 60-1] ("Defendants' Second Decl.").

25.     **BLUSA's Reply**:  Defendants do not specifically controvert with record

evidence that Enrique Ehrlich signed an order form instructing BLUSA to purchase a total of

$515,000.00 face value of bonds issued by Kaupthing Bank for Account 0829.  This material

fact should therefore be deemed admitted.  *See* Local Civil Rule 56.1(c); *Giannullo*, 322 F.3d at

140. Defendants' additional argument and citations are irrelevant and immaterial to the claims and counterclaims at issue in BLUSA's motion.  Defendants therefore fail to create a genuine issue of material fact for trial.  *Anderson*, 477 U.S. at 248.

26. <u>BLUSA's Undisputed Fact</u>:  On or about February 21, 2008, David Ehrlich signed an order form instructing BLUSA to purchase a total of $235,000.00 face value of Kaupthing Bank bonds for Account 0837. (Bittker Decl., Ex. F; Ancone Decl., Ex. G at No. 8.) relevant

26. <u>Defendants' Response</u>:  Objection and disputed fact.  David Ehrlich did not instruct BLUSA to purchase the bonds out of his own initiative, but at the suggestion of Mr. Uriel Ganz, an employee of Leumi (Latin America) S.A. and BLUSA's agent. [Ganz Dep. at 26:14-24; 27:11-19, 43:23-25 through 44:2, and 46:2-16]. David Ehrlich had never heard of Kaupthing Bank and had no knowledge that Iceland and/or its banks were players in the international financial markets. [Defendants' Second Decl. at ¶ 11]

26. **BLUSA's Reply:**  Defendants do not specifically controvert with record evidence that David Ehrlich signed an order form instructing BLUSA to purchase a total of $235,000.00 face value of bonds issued by Kaupthing Bank for Account 0837.  This material fact should therefore be deemed admitted.  *See* Local Civil Rule 56.1(c); *Giannullo*, 322 F.3d at 140.  Defendants' additional argument and citations are irrelevant and immaterial to the claims and counterclaims at issue in BLUSA's motion.  Defendants therefore fail to create a genuine issue of material fact for trial.  *Anderson*, 477 U.S. at 248.

27. <u>BLUSA's Material Fact</u>:  The order forms that Enrique Ehrlich and David Ehrlich signed provide the following:

> I CONFIRM REQUESTING THE BANK TO EXECUTE ON MY BEHALF AT MY SOLE RISK WITHOUT ANY RESPONSIBILITY ON THE BANK'S PART, THE FOLLOWING TRANSACTION FOR THE FINANCIAL ASSETS SELECTED BY ME AND WITHOUT THE BANK ADVISING ME IN THIS MATTER. THE FINANCIAL ASSETS ARE (1) NOT A DEPOSIT OR OTHER OBLIGATION OF OR GUARANTEED BY THE BANK AND (2) SUBJECT TO INVESTMENT RISKS, INCLUDING POSSIBLE LOSS OF THE

PRINCIPAL AMOUNT INVESTED.

(Bittker Decl., Ex. E at 1 (caps in original), Ex. F at 1 (caps in original).)

      27.    <u>Defendants' Response</u>:  [None]

      27.    **BLUSA's Reply**:  Defendants do not respond to BLUSA's material fact and

therefore it should be deemed admitted.  *See* Local Civil Rule 56.1(c).


      28.    <u>BLUSA's Material Fact</u>:  Identical language is set forth in Spanish in both order forms. (Bittker Decl., Ex. E at 1, Ex. F at 1.)

      28.    <u>Defendants' Response</u>:  [None]

      28.    **BLUSA's Reply**:  Defendants do not respond to BLUSA's material fact and

therefore it should be deemed admitted.  *See* Local Civil Rule 56.1(c).


      29.    <u>BLUSA's Material Fact</u>:  On February 21, 2008, pursuant to Enrique Ehrlich's instructions, BLUSA purchased $515,000 face value of Kaupthing Bank bonds on behalf of Enrique Ehrlich for Account 0829. (Bittker Decl. ¶¶ 10-12, Ex. G at 1, Ex. H at 1.)

      29.    <u>Defendants' Response</u>:  Objection and disputed fact.  The purchase of the bonds was not made solely pursuant to Enrique Ehrlich's instructions; Mr. Uriel Ganz introduced Mr. Enrique Ehrlich to the bonds based on an investment list sent from BLUSA in New York and suggested that Mr. Enrique Ehrlich invest in such bonds because they "matched his investment profile." [Ganz Dep. 46:2-16]. Mr. Ganz routinely visited Defendants' business location to offer investment alternatives. [Ganz Dep. 43:23-25 through 44:2]. Mr. Ganz assisted Defendants with the purchase. [Ganz Dep. 54:1-24 through 57:1-16]. Defendants did not interact with any BLUSA personnel in executing the Kaupthing bond purchase. [Defendants' First Decl. at ¶ 16]. Leumi Latin America personnel called William Serrano in New York to convey bond-purchase terms agreed to by Defendants David Ehrlich and Enrique Ehrlich, including price and quantity [Ganz Dep. at 50:17-25 through 54:1-24]. William Serrano executed trades in New York for Defendants based on the terms provided by Leumi Latin America personnel from Uruguay in real time. [*Id*.].

      29.    **BLUSA's Reply**:  Defendants do not specifically controvert with record

evidence that BLUSA purchased $515,000 face value of Kaupthing Bank bonds on behalf of

Enrique Ehrlich for Account 0829.  In fact, Defendants concede that William Serrano, a BLUSA

employee, executed the trades in New York.  *See* Dkt. [91] at 3.  This material fact should

therefore be deemed admitted.  *See* Local Civil Rule 56.1(c); *Giannullo*, 322 F.3d at 140.

Defendants' additional argument and citations are irrelevant and immaterial to the claims and

counterclaims at issue in BLUSA's motion.  Defendants therefore fail to create a genuine issue

of material fact for trial.  *Anderson*, 477 U.S. at 248.

       30.    <u>BLUSA's Material Fact</u>:  On February 21, 2008, pursuant to David Ehrlich's instructions, BLUSA purchased $235,000.00 face value of Kaupthing Bank bonds on behalf of David Ehrlich for Account 0837. (Bittker Decl. ¶¶ 13-15, Ex. I at 1, Ex. J at 1.)

       30.    <u>Defendants' Response</u>:  Objection and disputed fact.  The purchase of the bonds was not made solely pursuant to Enrique Ehrlich's instructions; Mr. Uriel Ganz introduced Mr. Enrique Ehrlich to the bonds based on an investment list sent from BLUSA in New York and suggested that Mr. Enrique Ehrlich invest in such bonds because they corresponded with his "conservative risk profile." [Ganz Dep. 46:2-16]. *See also* Defendants' Response to ¶ 29.

       30.    **<u>BLUSA's Reply</u>:**  Defendants do not specifically controvert with record

evidence that BLUSA purchased $235,000.00 face value of Kaupthing Bank bonds on behalf of

David Ehrlich for Account 0837.  This material fact should therefore be deemed admitted.  *See*

Local Civil Rule 56.1(c); *Giannullo*, 322 F.3d at 140.  Defendants' additional argument and

citations are irrelevant and immaterial to the claims and counterclaims at issue in BLUSA's

motion.  Defendants therefore fail to create a genuine issue of material fact for trial.  *Anderson*,

477 U.S. at 248.

       31.    <u>BLUSA's Material Fact</u>:  On October 9, 2008, Kaupthing Bank defaulted on its debt. (Ancone Decl., Ex. C at ¶ 118(l).)

       31.    <u>Defendants' Response</u>:  [None]

       31.    **<u>BLUSA's Reply</u>**:  Defendants do not respond to BLUSA's material fact and

therefore it should be deemed admitted.  *See* Local Civil Rule 56.1(c).

       32.    <u>BLUSA's Material Fact</u>:  As of December 31, 2008, the Bonds held in Account 0829 had an estimated market value of $51.50. (Bittker Decl. ¶ 17, Ex. K at 3.)

       32.    <u>Defendants' Response</u>:  Objection and disputed fact.  This estimated value was

obtained from BLUSA's self-generated account statement, which is a mere unsupported assertion as it does not disclose any valuation methodology used (or other valid source) in arriving at such estimated figure.

32. **BLUSA's Reply**:  Defendants do not specifically controvert with record evidence BLUSA's material fact.  It should therefore be deemed admitted.  *See* Local Civil Rule 56.1(c); *Giannullo*, 322 F.3d at 140.  Defendants' additional argument is irrelevant and immaterial to the claims and counterclaims at issue in BLUSA's motion.  Defendants therefore fail to create a genuine issue of material fact for trial.  *Anderson*, 477 U.S. at 248.

For the first time in their opposition brief, Defendants argue that BLUSA should be equitably estopped from asserting its statute of limitations defense or, alternatively, that the discovery rule should apply.  *See* Dkt. [90] at 3-5.  Neither argument has merit because Defendants knew about their losses in the Bonds by December 2008 (at the latest).  Enrique Ehrlich testified at his deposition that in October 2008 he received a call from a stockbroker who told him about Kaupthing Bank's default.  (Reply Decl. of James Ancone, executed September 30, 2014 ("Reply Ancone Decl."), Ex. A at 41:10-44:5.)  Shortly thereafter, Kaupthing Bank failed to pay interest on Defendants' Bonds.  (Reply Ancone Decl., Ex. A at 42:25-43:6.)  The undisputed record further shows that, in a November 6, 2008 email, Enrique Ehrlich and David Ehrlich inquired "what financial and legal liability [would] the [b]ank assume" with respect to the Bonds?  (Reply Ancone Decl., Ex. B at 1.)  On November 24, 2008, Mr. Bittker responded that BLUSA would not assume any responsibility because, among other reasons, Defendants signed Purchase Orders confirming that BLUSA purchased the Bonds at Defendants' "sole risk" and "without any responsibility" on BLUSA's part.  (Reply Ancone Decl., Ex. C.)

Moreover, Defendants acknowledge receiving and reading BLUSA account statements

that listed the Kaupthing Bonds.  (Ancone Decl., Ex. C at ¶¶ 126-127.)[1]  The December 2008

account statements demonstrate that Defendants purchased the Bonds for a total of $663,750.00

in February 2008 and that the Bonds had a total estimated market value of $75.00 as of

December 31, 2008.  (SofF ¶¶ 32-33.)[2]

33.    <u>BLUSA's Material Fact</u>:  As of December 31, 2008, the Bonds held in Account
0837 had an estimated market value of $23.50. (Bittker Decl. ¶ 18, Ex. L at 3.)

33.    <u>Defendants' Response</u>:  This estimated value was obtained from BLUSA's self-
generated account statement, which is a mere unsupported assertion as it does not disclose any
valuation methodology used (or other valid source) in arriving at such estimated figure.

33.    **BLUSA's Reply**:  Defendants do not specifically controvert with record

evidence BLUSA's material fact.  It should therefore be deemed admitted.  *See* Local Civil Rule

56.1(c); *Giannullo*, 322 F.3d at 140.  Defendants' additional argument is irrelevant and

immaterial to the claims and counterclaims at issue in BLUSA's motion.  Defendants therefore

fail to create a genuine issue of material fact for trial.  *Anderson*, 477 U.S. at 248.  For the first

time in their opposition brief, Defendants argue that BLUSA should be equitably estopped from

asserting its statute of limitations defense or, alternatively, that the discovery rule should apply.

*See* Dkt. [90] at 3-5.  Neither argument has merit because Defendants knew about their losses in

the Bonds by December 2008 (at the latest).  Enrique Ehrlich testified at his deposition that in

October 2008 he received a call from a stockbroker who told him about Kaupthing Bank's

default.  (Reply Decl. of James Ancone, executed September 30, 2014 ("Reply Ancone Decl."),

Ex. A at 41:10-44:5.)  Shortly thereafter, Kaupthing Bank failed to pay interest on Defendants'

---

[1]    Citations to "Ancone Decl." are to Declaration of James Ancone, executed August 14,
2014.  *See* Dkt. [83].

[2]    Citations to "SofF" are to BLUSA's Local Civil Rule 56.1 Statement, dated August 14,
2014.  *See* Dkt. [86].

Bonds.  (Reply Ancone Decl., Ex. A at 42:25-43:6.)  The undisputed record further shows that,

in a November 6, 2008 email, Enrique Ehrlich and David Ehrlich inquired "what financial and

legal liability [would] the [b]ank assume" with respect to the Bonds?  (Reply Ancone Decl., Ex.

B at 1.)  On November 24, 2008, Mr. Bittker responded that BLUSA would not assume any

responsibility because, among other reasons, Defendants signed Purchase Orders confirming

that BLUSA purchased the Bonds at Defendants' "sole risk" and "without any responsibility"

on BLUSA's part.  (Reply Ancone Decl., Ex. C.)

Moreover, Defendants acknowledge receiving and reading BLUSA account statements

that listed the Kaupthing Bonds.  (Ancone Decl., Ex. C at ¶¶ 126-127.)  The December 2008

account statements demonstrate that Defendants purchased the Bonds for a total of $663,750.00

in February 2008 and that the Bonds had a total estimated market value of $75.00 as of

December 31, 2008.  (SofF ¶¶ 32-33.)

34.   BLUSA's Material Fact:  On March 30, 2012, Defendants through Uruguayan counsel sent BLUSA a letter, demanding that BLUSA reimburse the total price of their investment in the Bonds plus interest or face legal action. (Bittker Decl. ¶ 19, Ex. M.)

34.   Defendants' Response:  Objection and disputed fact.  The assertion misrepresents the substance of the letter. Defendants merely reserved their right to file a claim on behalf of their Kaupthing investments in such letter, they did not threaten legal action. (Bittker Decl. ¶ 19, Ex. M.)

34.   **BLUSA's Reply**:  Defendants do not specifically controvert with record

evidence BLUSA's material fact.  It should therefore be deemed admitted.  *See* Local Civil Rule

56.1(c); *Giannullo*, 322 F.3d at 140.  Defendants' characterization of the letter is irrelevant.

35.   BLUSA's Material Fact:  On June 5, 2012, BLUSA filed this action seeking a declaratory judgment that it has no liability in contract or tort to Defendants in connection with Defendants' investment in the Bonds. (Ancone Decl., Ex. A at 1 & ¶ 64.)

35.   Defendants' Response:  [None.]

35.      **BLUSA's Reply**:  Defendants do not respond to BLUSA's material fact and

therefore it should be deemed admitted.  *See* Local Civil Rule 56.1(c).

36.      BLUSA's Material Fact:  On July 23, 2012, Defendants filed a motion to dismiss
the complaint, arguing that this Court lacked personal jurisdiction over them and that New York
was an inconvenient forum. (Ancone Decl. ¶ 4.)

36.      Defendants' Response:  Objection and disputed fact.  Defendants' motion to
dismiss the complaint included other arguments not listed above, including, without limitation,
that Plaintiff's forum selection clause in the International Account Terms is invalid and
unenforceable. See Memorandum of Law in Support of Defendants' Motion to Dismiss [Dkt.
No. 9].

36.      **BLUSA's Reply**:  Defendants do not specifically controvert with record

evidence BLUSA's material fact.  It should therefore be deemed admitted.  *See* Local Civil Rule

56.1(c); *Giannullo*, 322 F.3d at 140.

37.      BLUSA's Material Fact:  On July 23, 2012, Defendants filed a declaration on the
docket in which they stated that they were attaching the Account Applications that they
completed to open their BLUSA accounts in 2002. (Ancone Decl. ¶ 5, Ex. B at ¶ 11 (("A copy
of the forms we [*i.e.*, Defendants] filled out to open these [BLUSA] accounts in 2002 is attached
hereto and made a part hereof as Exhibit A.").) Defendants not only attached the three Account
Applications to their declaration but also filed these documents on the public docket in
unredacted form. (Ancone Decl. ¶ 5.)

37.      Defendants' Response:  [None.]

37.      **BLUSA's Reply**:  Defendants do not respond to BLUSA's material fact and

therefore it should be deemed admitted.  *See* Local Civil Rule 56.1(c).

38.      BLUSA's Material Fact:  On February 19, 2013, this Court denied Defendants'
motion to dismiss in its entirety. (Ancone Decl. ¶ 6.)

38.      Defendants' Response:  Objection and disputed fact.  The Court based its
adjudicatory power over Defendants solely based on Defendants' alleged consent to the
International Account Terms' forum selection clause. See order denying motion to dismiss at fn.
4 [Dkt. No. 25].

38.      **BLUSA's Reply**:  Defendants do not specifically controvert with record

evidence BLUSA's material fact.  It should therefore be deemed admitted.  *See* Local Civil Rule

56.1(c); *Giannullo*, 322 F.3d at 140.


39.     BLUSA's Material Fact:  In a declaration filed on the docket on April 10, 2013, Defendants informed the Court that they would no longer appear in this case through counsel or pro se. (Ancone Decl. ¶ 7.)

39.     Defendants' Response:  [None]

39.     **BLUSA's Reply**:  Defendants do not respond to BLUSA's material fact and

therefore it should be deemed admitted.  *See* Local Civil Rule 56.1(c).


40.     BLUSA's Material Fact:  On June 19, 2013, BLUSA moved for a default judgment against Defendants. (Ancone Decl. ¶ 8.)

40.     Defendants' Response:  [None]

40.     **BLUSA's Reply**:  Defendants do not respond to BLUSA's material fact and

therefore it should be deemed admitted.  *See* Local Civil Rule 56.1(c).


41.     BLUSA's Material Fact:  On July 22, 2013, Defendants reappeared in this action through new counsel. (Ancone Decl. ¶ 9.)

41.     Defendants' Response:  [None]

41.     **BLUSA's Reply**:  Defendants do not respond to BLUSA's material fact and

therefore it should be deemed admitted.  *See* Local Civil Rule 56.1(c).


42.     BLUSA's Material Fact:  Defendants seek $750,000 plus interest and fees in damages allegedly caused by the decline in value of their investment in the Bonds after Kaupthing Bank's default. (Ancone Decl., Ex. E at 3, Ex. F at No. 3.)

42.     Defendants' Response:  Objection and disputed fact.  Defendants also seek punitive damages in an amount to be determined by jury.  *See* Amended Joint Answer to Complaint for Declaratory Relief and Counterclaims at ¶ 209 [Dkt. No. 68].

42.     **BLUSA's Reply**:  Defendants do not specifically controvert with record

evidence BLUSA's material fact.  It should therefore be deemed admitted.  *See* Local Civil Rule

56.1(c); *Giannullo*, 322 F.3d at 140.  Defendants waived their request for punitive damages by

not including it in their responses to BLUSA's first set of interrogatories.


      43.    <u>BLUSA's Material Fact</u>:  On March 4, 2014, Defendants filed their original
Answer and Counterclaims. On April 18, 2014, Defendants filed their Amended Answer and
Counterclaims. (Ancone Decl. ¶ 10 & Ex. C.)

      43.    <u>Defendants' Response</u>:  [None]

      43.    **<u>BLUSA's Reply</u>**:  Defendants do not respond to BLUSA's material fact and

therefore it should be deemed admitted.  *See* Local Civil Rule 56.1(c).

Dated:  September 30, 2014
       New York, NY

                          MAYER BROWN LLP

                          By:    /s/ Mark G. Hanchet

                                  Mark G. Hanchet, Esq.
                                  James Ancone, Esq.
                                  1675 Broadway, 19th Floor
                                  New York, New York  10019
                                  Tel:  (212) 506-2500
                                  Fax: (212) 262-1910

                                  *Counsel for Plaintiff Bank Leumi USA*